UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MOLIERE DIMANCHE, JR.,

    Petitioner,

v.                                          CASE NO. 6:11-cv-944-Orl-36DAB

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases for the United States District Courts* (Doc. No. 14). Petitioner filed a reply to the response (Doc. No. 16), a memorandum in support of the reply (Doc. No. 18), and an amended reply (Doc. No. 20).

Petitioner alleges four claims for relief in his habeas petition: (1) he was denied his right to due process when his speedy trial rights were violated; (2) the trial court lacked geographical jurisdiction to try him; (3) he was improperly convicted of a crime for which he was not charged; and (4) his Fourth and Fifth Amendment rights were violated when the police did not read him his *Miranda* rights before seizing his identification card and

obtaining a statement from him.[1] For the following reasons, the Court finds that Petitioner is not entitled to relief on his claims.

I.  *Procedural History*

Petitioner was charged with second degree grand theft of property worth $20,000 or more and burglary of a structure. Petitioner was convicted of the lesser included offense of third degree grand theft and was acquitted of the burglary charge. The trial court sentenced Petitioner to a five-year term of incarceration. Petitioner appealed, and appellate counsel filed an *Anders*[2] brief and moved to withdraw from the case. Petitioner filed a *pro se* initial brief. The Fifth District Court of Appeal affirmed *per curiam*.

Petitioner then filed a petition for belated appeal seeking to appeal the trial court's ruling on his notice of expiration of speedy trial. The appellate court denied the petition. Petitioner subsequently filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. Petitioner later filed an amendment to the motion. The trial court summarily denied the motion. The Fifth District Court of Appeal affirmed *per curiam*. The instant federal petition for writ of habeas corpus follows.

II. *Legal Standards*

  A.  *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a

---

[1]Petitioner also raises each ground as an ineffective assistance of counsel claim.

[2]*Anders v. California*, 386 U.S. 738 (1967).

claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See Brown v. Patton*, 544 U.S. 133, 141 (2005); *Price v. Vincent*, 538 U.S. 634, 638-39 (2003). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference. *Ferguson v. Calliper*, 527 F.3d 1144, 1146 (11th Cir. 2008).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision. *Carey v. Musladin*, 549 U.S. 70, 74 (2006)(citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). "[T]o be 'contrary to' clearly established federal law, the state court must either (1) apply a rule that contradicts the governing law set forth by Supreme Court case law, or (2) reach a different result from the Supreme Court when faced with materially indistinguishable facts." *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010) (internal quotations and citation omitted); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003). A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner, *Brown*, 544 U.S. at 134; *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000); or, "if the state court either

unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson*, 234 F.3d at 531 (quoting *Williams*, 529 U.S. at 406). The "unreasonable application" inquiry "requires the state court decision to be more than incorrect or erroneous"; it must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75-77 (2003) (citation omitted); *Mitchell*, 540 U.S. at 17-18; *Ward*, 592 F.3d at 1155.

### B.     *Standard for Ineffective Assistance of Counsel*

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d). *Newland v. Hall*, 527 F.3d 1162, 1183 (11th Cir. 2008). Post-AEDPA, the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case. *Newland*, 527 F.3d at 1184. In *Strickland*, the Supreme Court established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[3] *Strickland*, 466 U.S. at 687-88; *see also Bobby Van Hook*, 130 S. Ct. 13, 16 (2009). A habeas court's review of a claim under the *Strickland* standard is "doubly deferential." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (April 4, 2011) (quoting *Knowles v.*

---

[3]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

*Mirzayanze*, 129 S. Ct. 1411, 1420 (2009)(citing *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003)).

States may "impose whatever specific rules . . . to ensure that criminal defendants are well represented," but "the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices." *Bobby Van Hook*, 130 S. Ct. at 17 (internal quotations and citations omitted). It is petitioner who bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." *Jones v. Campbell*, 436 F.3d 1285, 1293 (11th Cir. 2006). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (quoting *Strickland*, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny. *Id.* A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. An attorney is not ineffective for failing to raise or preserve a meritless issue. *Ladd v. Jones*, 864 F.2d 108, 109-10 (11th Cir.); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client"). "To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)).

### III.    Analysis

#### A.    Claim One

Petitioner claims the trial court violated his speedy trial rights (Doc. No. 1 at 5). Further, Petitioner contends that trial counsel was ineffective for failing to correct this violation. *Id.* Petitioner states that he filed a demand for speedy trial on February 25, 2008, and was due to be tried by April 14, 2008. *Id.* Petitioner argues that he was not tried during this time period, and had counsel filed a notice of expiration of speedy trial time, he would have been discharged from the crimes. *Id.*

Respondents argue that Petitioner's trial court error claim does not raise a federal claim and thus does not state a basis for habeas corpus relief. A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. *McCullough v. Singletary*, 967 F.2d 530, 535 (11th Cir. 1992); *see also Callahan v. Campbell*, 427 F.3d 897, 932 (11th Cir. 2005) (holding that "[i]t is a fundamental principle that state courts are the final arbiters of state law, federal habeas courts should not second-guess them"). Federal courts "must defer to a state court's interpretation of its own rules of evidence and procedure." *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985) (citing *Spencer v. Texas*, 385 U.S. 648 (1967)).

The Court agrees that the issue of whether the trial court violated Florida's speedy trial rules, found in Florida Rule of Criminal Procedure 3.191, is an issue of state law. A "'violation by state officials of a state's speedy trial law, taken alone, does not present a federal claim reviewable. . . [in a] habeas petition.'" *Franklin v. Florida*, No. 8:08-cv-1347-T-

30TGW, 2009 WL 2386108, at *5 (M.D. Fla. July 31, 2009) (quoting *Poe v. Caspari*, 39 F.3d 204 (8th Cir. 1994)). Petitioner's trial court error claim raises an issue of state law and therefore is not subject to federal habeas review.

To the extent that Petitioner argues an exhausted claim that the trial court violated his Sixth Amendment rights, the claim does implicate federal constitutional law and is subject to federal review because a criminal defendant has a Sixth Amendment right to a speedy trial. *Barker v. Wingo*, 407 U.S. 514, 515 (1972). The Court will therefore address the merits of Petitioner's trial court error claim along with his ineffective assistance of counsel claim below.

To determine whether a defendant has been denied his right to a speedy trial, a court must weigh four factors: (1) the length of the delay, (2) the reason for the delay, (3) whether the defendant timely asserted his speedy trial right, and (4) any prejudice resulting from the delay. *Barker*, 407 U.S. at 530-33. An unreasonable delay can produce several harms, including oppressive pretrial incarceration and the possibility of impairing a defense by dimming memories and loss of evidence. *Id.* at 533. Prejudice need not be actual, and instead can be presumed depending on the length of and reasons for the delay. *Doggett v. United States*, 505 U.S. 647, 654 (1992). "Delays exceeding one year are generally found to be 'presumptively prejudicial.'" *United States v. Ingram*, 446 F.3d 1332, 1336 (11th Cir. 2006) (citing *Doggett*, 505 U.S. at 651-52).

Petitioner was charged on January 25, 2008 (App. A at 3). Petitioner filed a timely demand for speedy trial on February 25, 2008. *Id.* at 17. The trial court held a calendar

called on February 29, 2008, and set the case for trial on March 31, 2008. *Id.* at 18. Petitioner was tried on April 15, 2008. Petitioner was tried 50 days after he invoked his right to speedy trial, and 81 days after the information was filed. The delay in holding Petitioner's trial resulted because Petitioner failed to appear for trial on March 31, 2008, and again on April 9, 2008 (App. S). Petitioner has not refuted this contention. Thus, although Petitioner timely asserted his right to speedy trial, the Court concludes that the delay in holding Petitioner's trial was not excessive and a portion of the delay was attributable to Petitioner. Further, Petitioner has not demonstrated any actual prejudice resulting from the delay. *See Jackson v. Benton*, 315 F. App'x 788, 792 (11th Cir. 2009) (citing *United States v. Davenport*, 935 F.2d 1223, 1239 (11th Cir. 1991)).

Petitioner has not demonstrated that his Sixth Amendment rights were violated, and defense counsel's actions did not amount to deficient performance or result in prejudice.[4]

---

[4]The Court also notes that the trial court did not violate the Florida rules regarding speedy trial. Rule 3.191(b) states that within five days from the filing of a demand for speedy trial, a trial court shall hold a calendar call and set the case for trial. Fla. R. Crim. P. 3.191(b)(1). As noted above, Petitioner filed his speedy trial demand on February 25, 2008, and the trial court held a calendar call on February 29, 2008. *Id.* at 18. Pursuant to Rule 3.191(b)(2), the trial court had 45 days, or until April 14, 2008, to try Petitioner. The trial commenced one day later, on April 15, 2008. Petitioner was tried on the 50th day pursuant to Rule 3.191(b)(4) (stating that if the defendant has not been brought to trial within 50 days of the filing of the demand, the defendant shall have the right to the appropriate remedy set forth in subdivision (p)).

Even assuming that Petitioner's trial occurred outside the 50-day window, the trial court would not have discharged him from the crimes because the failure to hold the trial within the 50 days was attributable to Petitioner. *See* Fla. R. Crim. P. 3.191(p). Additionally, pursuant to Rule 3.1919(p) the trial court had an additional 15 days to try Petitioner before it discharged him from the crimes. Petitioner was tried within this 15-day recapture period and thus was not entitled to a discharge in this case. *See Whitehall v. State*,

The state court's determination of this claim was neither contrary to, nor an unreasonable application of, federal law. Accordingly, this claim is denied.

### B. *Claim Two*

Petitioner claims that the trial court lacked geographical jurisdiction over his case (Doc. No. 1 at 6). Petitioner contends that he used and sold stolen property in Tavares, Florida, which is in Lake County, therefore a conviction in Orange County, Florida was improper. *Id.* Petitioner also asserts that trial counsel was ineffective for failing to raise this issue at trial. *Id.*

This claim was raised in Petitioner's Rule 3.850 motion for post-conviction relief (App. O). The trial court denied the claim, finding Petitioner was properly convicted because the facts indicated that although Petitioner was found in Lake County with stolen property in his possession, the crime was committed in Orange County. (App. S). The Fifth District Court of Appeal affirmed *per curiam* (App. U).

In order to obtain a criminal conviction, the prosecuting authority must prove venue. *McClellion v. State*, 858 So. 2d 379, 381 (Fla. 4th DCA 2003). "Venue is not an element of the charged crime, however, and need not be proved beyond a reasonable doubt. It is sufficient if the jury can reasonably infer from the evidence that the crime was committed in the county in which the defendant was charged." *Id.* (citations omitted). Furthermore, "[v]enue is not a jurisdictional prerequisite and does not affect the power of

---

81 So. 3d 599 (Fla. 2d DCA 2012) (the appellant's trial, which occurred 7 days after the filing of a notice of expiration of speedy trial, complied with the requirements of Rule 3.191 because the trial occurred within the 15-day recapture period).

a court to hear a case, but is a privilege which may be waived." *Id.* (citation omitted).

In the instant case, Petitioner was charged with grand theft, and the information alleged that the crime occurred in Orange County, Florida (App. A). The evidence at trial demonstrated that the theft of copper wire occurred at a construction job site located in Apopka, Orange County, Florida (App. B at 19-21, 34). Petitioner was caught after he sold the stolen property in Lake County, Florida. *Id.* at 95, 100, 107-08. Thus, the jury could reasonably infer that Petitioner committed the crime in Orange County. There is no indication that the trial court lacked jurisdiction to try Petitioner's case. Petitioner has not established that trial counsel's failure to object to the venue of this case amounted to deficient performance or resulted in prejudice.

The state court's denial of this claim was neither contrary to, nor an unreasonable application of federal law. Claim two is therefore denied.

### C.    *Claim Three*

Petitioner alleges that he was improperly convicted of an uncharged crime (Doc. No. 1 at 8). In support of this claim, Petitioner maintains that he was tried for second degree grand theft but convicted of third degree grand theft. *Id.*[5] Petitioner argues that the jury was not instructed on any lesser included offenses, and therefore, he was improperly

---

[5]Second degree grand theft is a second degree felony, whereas third degree grand theft is a third degree felony. *See* 812.014(2)(b) & (c), Fla. Stat. (2007). The elements of each crime are the same with the exception of the value of the stolen property. *Id.* To obtain a conviction for second degree grand theft, the State must prove the value of the stolen property was more than $20,000 but less than $100,000 and to prove third degree grand theft, the value of the property must be more than $300 but less than $20,000. *Id.*

convicted of this offense. *Id.* Petitioner also asserts trial counsel was ineffective for failing to raise this issue at trial. *Id.*

Petitioner raised the instant claim in his Rule 3.850 motion, and the trial court summarily denied the claim, finding that while the trial court did not specifically instruct the jury on the lesser included offenses of third degree grand theft and petit theft, the jury was instructed regarding the value of the stolen property and was given the opportunity to convict Petitioner of a lesser degree of theft (App. S). The Fifth District Court of Appeal affirmed *per curiam* (App. U).

The trial court instructed the jury with respect to the charge of grand theft as follows:

> To prove the crime of theft, the state must prove the following two elements beyond a reasonable doubt: first, Moliere Dimanche, Jr. knowingly and unlawfully obtained or endeavored to obtain or endeavored to use the wiring of ECI or Robert Kemp.
>
> Second, he did so with intent to, either temporarily or permanently, deprive ECI or Robert Kemp of his right to the property or any benefit from it.
>
> If you find the Defendant guilty of theft, you must determine by your verdict whether the value of the property taken was $20,000 or more. The value of the property taken was $300 or more but less than $20,000; the value of the property taken was at least $100, but less than $300; the value of the property taken was less than $100.

(App. B at 232-33). The verdict form for the grand theft charge allowed the jury to make a special finding as to the value of the stolen property (App. A at 59). The jury made a special finding that the property taken was valued at less than $20,000 but more than $300,

11

which in effect was a conviction for third degree grand theft. *Id.; see also* § 812.014(2)(c), Fla. Stat. (2007).

The jury instructions given in this case are identical to Florida's standard jury instructions. *See* Fla. Std. Jury (Crim) Instr. 14.1. In Florida, "'[t]he standard jury instructions are presumed correct. . . .'" *Brown v. State*, 11 So. 3d 428, 432 (Fla. 2d DCA 2009) (quoting *Stephens v. State*, 787 So. 2d 747, 755 (Fla. 2001)). However, "the use of the standard jury instructions does not relieve the trial court of its obligation to determine whether the standard instructions accurately and adequately state the law." *Id.* Although the trial court did not specifically use the term "lesser included offense," the trial court did instruct the jury on the lesser included offenses of second degree grand theft, namely, third degree grand theft and petit theft, by stating that the jury had to determine the value of the property. Petitioner's conviction for third degree grand theft is not improper, and trial counsel did not act deficiently by failing to raise this issue at the conclusion of the trial.

Because Petitioner has not shown that the state court's denial of this claim was an objectively unreasonable application of clearly established federal law, the Court concludes that Petitioner is not entitled to relief. Claim three is denied.

### D. *Claim Four*

Petitioner claims his Fourth and Fifth Amendment rights were violated when the police did not read him his *Miranda* rights before seizing his identification card and obtaining his statement (Doc. No. 1 at 15). Petitioner contends that Detective Cromwell committed perjury when he testified that he requested Petitioner to produce identification

when in the police report he stated that he commanded Petitioner to do so. *Id.* Petitioner also states that trial counsel was ineffective for failing to move to suppress the evidence seized and his statement to Detective Cromwell. *Id.*

At trial the following testimony was introduced. John Insco ("Insco") and Steven Eastman ("Eastman") worked for E & I Metal in 2007 (App. B at 93-94, 107). They testified that on November 1, 2007, Petitioner arrived at their business driving a U-Haul truck and was looking to sell copper wire. *Id.* at 84, 95, 107-08. After completing a transaction for the sale of the copper wire, Detective Cromwell arrived. *Id.* at 109. Detective Cromwell saw Petitioner sitting in the driver's seat of the U-Haul truck. *Id.* at 149-50. Detective Cromwell asked Petitioner for identification. *Id.* at 150. Detective Cromwell also asked Petitioner about his involvement with the U-Haul truck, and Petitioner stated that he had no knowledge of the truck and did not know to whom it belonged. *Id.* at 151.

Petitioner raised his claim of trial court error on direct appeal (App. F). The Fifth District Court of Appeal affirmed *per curiam* (App. G). Petitioner also alleged his ineffective assistance of counsel claim in a Rule 3.850 motion, and the trial court summarily denied the claim pursuant to *Strickland* (App. S). The trial court concluded that Detective Cromwell's request for identification was not a seizure and therefore did not violate the Fourth Amendment. *Id.* The appellate court affirmed *per curiam* (App. U).

The record demonstrates that defense counsel did move to suppress Petitioner's statement to police and testimony regarding Detective Cromwell's seizure of Petitioner during trial (App. B at 130-34). Therefore, Petitioner's ineffective assistance of counsel

claim is refuted by the record.

To the extent that claim four challenges Detective Cromwell's "seizure" of Petitioner's identification pursuant to the Fourth Amendment, the claim is not subject to review. *See Stone v. Powell*, 428 U.S. 465 (1976). Where a state has provided a defendant with a full and fair opportunity to litigate a Fourth Amendment claim, "a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id*. at 495; *see also Kuhlmann v. Wilson*, 477 U.S. 436, 446-47 (1986). The Supreme Court has determined that excluding Fourth Amendment claims from habeas corpus review created no danger that the courts would deny a safeguard against compelling an innocent man to suffer an unconstitutional loss of liberty because a convicted defendant seeking review of a Fourth Amendment claim on collateral review is "usually asking society to redetermine an issue that has no bearing on the basic justice of his incarceration." *Kuhlmann*, 477 U.S. at 447.

It is clear from the record that petitioner was given a full and fair opportunity to litigate his Fourth Amendment claim before the state courts. The Eleventh Circuit has interpreted a "full and fair consideration" to require "consideration by the fact-finding court, and at least the availability of meaningful appellate review by a higher state court" when the facts are in dispute. *Mincey v. Head*, 206 F.3d 1106, 1126 (11th Cir. 2000). Defense counsel raised this issue during trial (App. B at 13-34). The state court heard testimony as well as argument on the issue before denying the motion. *Id.* Furthermore, Petitioner raised this claim on direct appeal, and the state appellate court per curiam affirmed (App.

14

F & G).⁶

Petitioner's Fifth Amendment challenge regarding his statement is not barred by *Stone*. *See Withrow v. Williams*, 507 U.S. 680, 688-89 (1993); *Jarrell v. Balkcom*, 735 F.2d 1242, 1252 (11th Cir. 1984). In his statement, Petitioner denied knowing to whom the U-Haul truck belonged. At trial, counsel argued that the statement should be suppressed because the police failed to advise him of his *Miranda* rights (App. B at 133).

The trial court properly denied the motion because Petitioner failed to show that he was "in custody" at the time Detective Cromwell asked him questions regarding the U-Haul truck. *Thompson v. Keohane*, 516 U.S. 99, 101 (1995) (police are required to give a suspect *Miranda* warnings only when that person is "in custody" - or "questioning [has been] initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.") (quotation omitted); *Meredith v. State*, 964 So. 2d 247, 250 (Fla. 4th DCA 2007) ("*Miranda* warnings are required only when an individual is undergoing custodial interrogation. . . . Determining whether a person is in custody for *Miranda* purposes is based on how a reasonable person in the suspect's situation would perceive his or her circumstances.").

When Detective Cromwell asked Petitioner these questions, Petitioner was not

---

⁶Alternatively, Petitioner has failed to demonstrate that this claim is meritorious. Florida courts have held that "[w]hen officers have no basis for suspecting a particular individual, they may generally ask questions of that individual and ask to examine the individual's identification." *Holden v. State*, 877 So. 2d 800, 802 (Fla. 5th DCA 2004) (citing *Florida v. Bostick*, 501 U.S. 429 (1991)); *Terry v. Ohio*, 392 U.S. 1 (1968). Thus, Detective Cromwell's actions did not amount to an illegal seizure of Petitioner's identification.

deprived of his freedom in any way. A reasonable person in the same position would not have believed that his freedom was curtailed to a degree associated with an actual arrest. *See Meredith*, 964 So. 2d at 250. In fact, Detective Cromwell testified that he spoke to several individuals who were at E & I Metal and stated he did not arrest any person, including Petitioner (App. B at 151-52). Because Petitioner was not "in custody," Detective Cromwell was not required to give Petitioner *Miranda* warnings. Therefore, the trial court did not err in allowing the introduction of Petitioner's statement at trial.

Petitioner has not demonstrated that the state court's denial of this claim was contrary to, or resulted in an unreasonable application of, clearly established federal law. Accordingly, claim four is denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV.    *Certificate of Appealability*

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further."

*Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances. The Court will deny Petitioner a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Moliere Dimanche, Jr. (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 5th day of June, 2013.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-3 6/5
Counsel of Record
Moliere Dimanche, Jr.